**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIGUEL A. ROSADO<br>155 West Windsor Street<br>Reading, PA 19601<br>Plaintiff, | : | CIVIL ACTION<br>No.: |
| v. | : | |
| TOWER BEHAVIORAL HEALTH.<br>201 Wellness Way<br>Reading, PA 19605<br>Defendant. | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Miguel A. Rosado, by and through his attorneys, McCain Law, P.C., file this Complaint and hereby avers as follows:

1. This action has been initiated by Miguel A. Rosado (hereinafter referred to as "Plaintiff," or "Mr. Rosado" unless indicated otherwise) for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended and the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 *et seq*. Plaintiff was discriminated against based on his national origin (Puerto Rican); sex (male), including sexual orientation and gender stereotyping; retaliation for complaining about discrimination he suffered based on the foregoing protected characteristics and retaliation for reporting a workplace injury.

**JURISDICTION AND VENUE**

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1391.

3. This Court may exercise supplemental jurisdiction over state law claims pursuant to 28

U.S.C. § 1367.

4. The relevant portions of this action have been administratively processed with the Equal Employment Opportunity Commission (EEOC) (Charge No. 530-2026-05049) and dual filed with the Pennsylvania Human Relations Commission (PHRC).

5. This action is being filed within ninety (90) days of the receipt of the EEOC's Dismissal Notice and Right to Sue Letter. See attached as Exhibit A.

6. Under Pennsylvania law, the PHRC retains exclusive statutory jurisdiction over Plaintiff's state law claims under the PHRA for one year, expiring in 2027.

7. Because the one-year period has not yet elapsed, Plaintiff's PHRA claims are not currently ripe for federal adjudication.

8. Plaintiff explicitly reserves the right to amend this Complaint pursuant to Federal Rule of Civil Procedure 15 to formally assert counts under the PHRA as a matter of right by leave of Court once the statutory one-year period expires or the PHRC closes its file.

9. This Court has personal jurisdiction over Defendant because Defendant maintains a business in the Eastern District of Pennsylvania and has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington,* 326 U.S. 309 (1945), and its progeny.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial, systematic and continuous activity in Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

## PARTIES

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a gay, Spanish-speaking Puerto Rican male adult individual with an address as set forth above in Reading, PA.

13. Defendant Tower Behavioral Health (hereinafter referred to as "Defendant" unless specified otherwise) is an acute inpatient hospital in Reading, PA providing psychiatric treatment for adults and adolescents.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are fully incorporated herein as though set forth at length.

15. On or about December 8, 2025, Plaintiff was hired as a Behavioral Health Associate at Defendant's facility located in Reading, PA.

16. Approximately two days later on December 10, Plaintiff began experiencing harassment at the hands of members of the training staff, Jason (LKU), Andrew Peters and Christine Huerta.

17. Specifically, Jason and Mr. Peters began mocking Plaintiff's mannerisms, including his walk, body language and facial expressions. Jason would also admonish Plaintiff for speaking Spanish while on telephone calls with family and friends during training breaks. Jason told Mr. Rosado that it was "rude" for him to speak Spanish and to speak in English. Spanish is Mr. Rosado's native language and many of his family and friends do not speak English.

18. The mocking occurred in front of other employees in the training program and behind Mr. Rosado's back. A co-worker, Denise Johnson, informed Plaintiff that Jason also made

disparaging remarks about Plaintiff to other co-workers mocking Plaintiff's Spanish-accented English, the way Plaintiff walked, speaking voice and other mannerisms associated with gay men.

19. At the beginning of the training, all participants were asked to advise the group of their preferred pronouns. Although Mr. Rosado informed the group that his pronouns are he/him/his, Jason often referred to Plaintiff as "she."

20. Ms. Huerta never defended Mr. Rosado, but chose to laugh and encourage this juvenile, disrespectful and unlawful behavior.

21. The foregoing behavior continued on a consistent and daily basis for the duration of his training with Defendant which abruptly ended on December 17.

22. On at least two occasions prior to December 17, Mr. Rosado verbally complained about the foregoing discriminatory conduct directly to Defendant's Director of Human Resources, Lyndsey Prat. He also verbally complained on approximately five (5) occasions to Ms. Prat's human resources associate, Sonya Gorostieta.

23. Neither Ms. Prat nor Ms. Gorostieta took any steps to address Mr. Rosado's discrimination and hostile work environment complaints.

24. On or about December 16, Mr. Rosado was severely injured during a training exercise when Mr. Peters applied a physical restraint upon Plaintiff, without warning, pulling him down to the floor where he struck his buttocks hard on the ground. Mr. Peters' actions caused serious physical injury to Mr. Rosado's back, right leg and related areas. He has a pending workers' compensation matter open and has gone under significant medical treatment related to these injuries.

25. Plaintiff believes that this physical assault was spurred by Mr. Peters animus towards

Plaintiff because he is gay.

26. On December 17, Plaintiff reported to work and while working in Unit 3, Shelly Boltz and Nancy Garner appeared on Unit 3 and abruptly removed Plaintiff without explanation, warning or reason, escorting him off of the premises.

27. Ms. Boltz and Ms. Garner made loud, public and inexplicable remarks in front of patients and other staff telling him that "if you were offered a scheduled and you signed it, it means you agreed to accept it. For your next job, read before you sign." They also told him that "You cannot touch people that you have just met." Although Mr. Rosado was unclear what their statements were referencing, their statements were nevertheless embarrassing and humiliating.

28. Ms. Boltz indicated that if he wanted more information, he could contact the human resources department. When Mr. Rosado reported to human resources, they were clueless as to the reason for his removal from Unit 3 and were unable to provide any information. He was instructed to go home and wait for someone to call him.

29. On December 18, Mr. Rosado sent a detailed email to Ms. Prat and Ms. Gorostieta, again outlining the discrimination and harassment he suffered since beginning his employment with Defendant and the workplace injury he suffered at the hands of Mr. Peters.

30. On December 19, Ms. Prat responded to his email acknowledging receipt and advised, in part, that his employment was terminated effective December 17, 2025. She did not provide any context for the reason(s) prompting his termination.

31. Also in her December 19 email, Ms. Prat acknowledged Plaintiff's workplace injury and provided information for Defendant's workers' compensation carrier and instructions to file a claim.

32. Since his termination, Plaintiff has undergone significant mental health treatment to assist with dealing with the mental distress associated with his treatment by Defendant and specifically by Jason, Mr. Peters, Ms. Prat, Ms. Boltz and Ms. Garner.

33. He continues to suffer from flashbacks and nightmares as a result of the humiliation and unlawful treatment perpetrated by Defendant and its employees.

**COUNT I**

**Violations Title VII of the Civil Rights Act of 1964**
**Hostile Work Environment based on Sex and National Origin**

34. The foregoing paragraphs are fully incorporated herein as though set forth at length.

35. At all times relevant to this Complaint, Defendant was an employer within the meaning of 42 U.S.C. §2000e(b) and Plaintiff was an employee with the meaning of 42 U.S.C. §2000e(f).

36. Plaintiff is a member of a protected class under Title VII based on his sex (male) and national origin (Puerto Rican) and the intersection of both protected characteristics.

37. During the entire course of Plaintiff's brief employment, Plaintiff was admonished to stop speaking Spanish in favor of English. He was mocked both to his face and behind his back because of his mannerisms, speech pattern, accented English, walking pattern and facial expressions, many of which are associated with being a gay man.

38. The conduct described was unwelcome, uninvited and subjectively offensive to Plaintiff.

39. Objectively, these unlawful actions were sufficiently severe or pervasive occurring on a daily basis during his employment with Defendant.

40. Mr. Peters' animus was so severe that it motivated him to place Plaintiff in a physical restraint, without warning, causing grievous physical injury.

41. Defendant is liable for the mental distress caused by its employees because Plaintiff

complained of the unlawful behavior numerous times before December 17 and nothing was done in response to his complaints.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, humiliation, loss of enjoyment of life and repetitional harm.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Non-economic damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation.

B. Consequential damages and punitive damages;

C. Attorney's fees and costs; and

D. Any other equitable and legal relief as the Court deems just, proper, and appropriate.

**<u>COUNT II</u>**
**Violations of the Civil Rights Act of 1964**
**Retaliation**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Title VII prohibits an employer from discriminating against any employee because he has opposed any unlawful employment practice.

45. Plaintiff engaged in protected activity when he lodged both verbal and written complaints of unlawful discrimination.

46. Defendant has actual knowledge of Plaintiff's protected activity because he complained directly to Defendant's Director Human Resources verbally prior to December 17, 2025 and and in writing on December 18, 2025.

47. A causal connection exists between Plaintiff's protected activity and Defendant's adverse actions because Plaintiff was terminated within one week of his verbal discrimination complaints and the day after his written discrimination complaints.

48. But for Plaintiff's protected activity, Defendant would not have terminated Plaintiff's employment.

49. These actions as outlined constitute retaliation under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Non-economic damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation.

B. Consequential damages and punitive damages;

C. Attorney's fees and costs; and

D. Any other equitable and legal relief as the Court deems just, proper, and appropriate.

**<u>COUNT III</u>**
**Wrongful Discharge in Violation of Public Policy**
**Workers' Compensation Retaliation**

49. The foregoing paragraphs are fully incorporated herein as though set forth at length.

50. At all times relevant hereto, Plaintiff was an at-will employee of Defendant and was not covered by a collective bargaining agreement or employment contract providing just-cause termination protection.

51. Under the clear mandate of the public policy of the Commonwealth of Pennsylvania, as established by the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 *et seq*. and recognized by the Supreme Court of Pennsylvania *Shick v. Shirey*, 552 Pa. 590, 716 A.2d

1231 (1998), an employer is prohibited from discharging an at-will employee in retaliation for reporting a work-related injury or pursuing workers' compensation benefits.

52. On or about December 18, 2025, Plaintiff engaged in protected activity when he reported a workplace injury to Lyndsey Prat, Defendant's Director of Human Resources.

53. As a result of this report, Defendant had actual knowledge of Plaintiff's work-related injury and potential entitlement to benefits under the Pennsylvania Workers' Compensation Act.

54. A causal connection exists because Plaintiff was terminated on December 19, one day after his report of a workplace injury.

55. Defendant terminated Plaintiff's employment in retaliation for reporting a work-related injury and to deter, preempt or punish Plaintiff from pursuing benefits under the Act.

56. Any non-retaliatory reason proffered by Defendant for Plaintiff's termination is false and pretext for unlawful workers' compensation retaliation.

57. Defendant's conduct was intentional, willful, wanton and undertaken with reckless indifference to Plaintiff's rights under Pennsylvania public policy, warranting punitive damages.

58. As a direct and proximate result of Defendant's unlawful retaliatory discharge, Plaintiff has suffered emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Damages for emotional distress, pain, suffering and humiliation;

B. Punitive damages;

C. Pre-judgment and post judgment interest and costs of suit; and

D. Any other equitable and legal relief as the Court deems just, proper, and appropriate.

**DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

By: *<u>/s/ Zakia E. Moore</u>*______
Zakia E. Moore, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-236-1086

Date: November 17, 2026